UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KELLY JOSEPH RANDALL,

        Plaintiff,                     Case No. 2:16-cv-207

v.                                        Honorable Paul L. Maloney

A. WINNICKI, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Woods and the Peterson and Palleta Law Firm. The Court will serve the complaint against Defendants Winnicki, Soreano, and Henson.

**Discussion**

I.       Factual allegations

Plaintiff Kelly Joseph Randall, a state prisoner currently confined at the Kinross Correctional Facility (KCF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants A. Winnicki, P. Soreano, C. Henson, Warden Jeffrey Woods, and the Peterson and Palleta Law Firm. In his complaint, Plaintiff alleges that on September 4, 2014, legal writer Jackson submitted Plaintiff's motion for correction of an invalid sentence and motion for appointment of counsel to the law library staff at the Chippewa Correctional Facility (URF). The motions were due in the 55th Circuit Court on September 17, 2014, but the motions were not returned to Plaintiff until September 22, 2014. The law library staff, which consisted of Winnicki, Soreano, and Henson, were supposed to have sent the filings to the law firm of Peterson and Palleta. On January 12, 2015, Plaintiff received an order from the 55th Circuit Court stating that his motions had been denied because they were untimely.

In March of 2015, Plaintiff saw legal writer Rickman to prepare an appeal of the denial of Plaintiff's motion to correct sentence. When legal writer Rickman showed Plaintiff his legal intake record, it confirmed that legal writer Jackson had submitted the motions on September 4, 2014. On March 14, 2015, Plaintiff filed a grievance on Defendants Soreano, Henson, Winnicki, and the law firm of Peterson and Palleta, asserting a denial of access to the courts. Plaintiff's grievance was denied on March 20, 2015. Plaintiff kited the law library seeking a copy of his legal intake record. On March 27, 2015, Plaintiff received a denial of his kite from Defendant Winnicki. On March 30, 2015, Plaintiff filed a grievance regarding the denial. On April 2, 2105, Plaintiff's grievance was rejected as being untimely. On April 13, 2015, Plaintiff filed a step II grievance on

Defendant Woods, complaining about the denial of his step I grievance. Plaintiff's step I grievance was denied. Plaintiff filed a step III appeal which was denied on October 20, 2015. Plaintiff claims that Defendants violated his First Amendment right of access to the courts, as well as his Fourteenth Amendment right to due process. Plaintiff seeks damages and equitable relief.

      II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the Court notes that Plaintiff's claim against Defendant Woods is based on his position as warden at URF and his involvement in denying Plaintiff's grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendant Woods engaged in any unconstitutional behavior.  Accordingly, he fails to state a claim against Defendant Woods.

Plaintiff also names the law firm of Peterson and Palleta as a Defendant in this case.  However, Plaintiff cannot show that the law firm of Peterson and Palleta acted under color of state law.  In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel performed a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State.  The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness.  But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client."  This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted).  The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender.  *Id.* at 321.  The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program.  *Id.* at 323.  The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused.  *Id.* at 325.  Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control.  *Id*.  The Sixth Circuit has adhered to the holding in *Polk County* in numerous decisions.  *See, e.g., Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cnty. Pub. Defender*, 501 F.3d 592, 611 (6th Cir. 2007) (same); *Harmon v. Hamilton Cnty. Court of Common Pleas*, 83

F. App'x 766, 767 (6th Cir. 2003).  Accordingly, even a court-appointed attorney does not act under color of state law, and no claim under § 1983 can be maintained against him.

Plaintiff fails to allege any specific facts about his relationship with the law firm of Peterson and Palleta.  However, for the reasons noted above, even if Plaintiff is alleging that Peterson and Palleta was involved in his criminal defense, his § 1983 claim against this party is properly dismissed.  To the extent that Plaintiff asserts claims of fraud and legal malpractice, these claims arise solely under state law.  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances.  *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993);  *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).  Accordingly, these claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Woods and the law firm of Peterson and Palleta will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Winnicki, Soreano, and Henson.

An Order consistent with this Opinion will be entered.

Dated:   December 8, 2016                    /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             United States District Judge