UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLY J. RANDALL, #925722, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:16-cv-207 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| A. WINNICKI, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Kelly Randall is a prisoner under the control of the Michigan Department of Corrections (MDOC). Randall alleges the defendants caused him to miss the deadline for filing, in the state courts, a motion for correction of an invalid sentence. Because he missed the filing deadline, the state court dismissed his motion as untimely. In his remaining claim, Randall alleges a violation of his constitutional right of access to the courts.

Defendants filed a motion for summary judgment for failure to exhaust administrative grievances. (ECF No. 10.) Randall did file a grievance, which was rejected as untimely. Reviewing the motion and response, the magistrate judge issued a report recommending the motion be granted. (ECF No. 16.) Randall filed objections, generally asserting that he need not exhaust constitutional claims. (ECF No. 17.) Randall does not raise objections to any of the factual conclusions in the R&R.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Objection 1. Randall asserts the exhaustion requirement applies only to prison conditions; it does not apply to constitutional claims.

Randall's objection is OVERRULED. Randall has not alleged or established that the factual basis giving rise to his claim cannot be grieved under the MDOC's grievance procedure. The factual situation in *McGrath v. Johnson*, 67 F.Supp.2d 499 (E.D. Pa. 1999), one of the cases Randall cites, is distinct from Randall's situation. In *McGrath,* the court concluded that the plaintiff had successfully established that there was no avenue for him to exhaust his claim concerning the decision to place him in administrative custody. *Id.* at 510-11. Here, Randall has not established that the grievance procedure precludes him from grieving his claim that his state-court motion was not timely filed because Defendants mishandled the paperwork. And, Randall has not established that the grievance process is "so opaque" that "no ordinary prisoner can discern or navigate it." *Ross v. Blake,* 136 S.Ct. 1850, 1859 (2016). On this point, Randall's actions undermine his assertion; he filed a grievance, but it was not timely. And, as the magistrate judge found, to which Randall did not object, Randall knew he missed the filing deadline before he filed his grievance.

As explained in the R&R, prisoners bringing claims under the Prison Litigation Reform Act (PLRA) must exhaust the available administrative remedies. (R&R at 3 PageID.122.) The Supreme Court has held that the PLRA's exhaustion requirement applies broadly to all prisoner lawsuits, whether filed under § 1983 or some other federal statute. *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("For the reasons stated, we hold that the PLRA's exhaustion requirement applies to all inmate lawsuits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The Sixth Circuit explained that the exhaustion "requirement is a strong one." *Napier v. Laurel Cty., Kentucky*, 636 F.3d 218, 222 (6th Cir. 2011). Prisoners must use the available administrative remedies "even if the prisoner subjectively believes the remedy is not available," "even when the state cannot grant the particular relief requested," and "even where the prisoners believe the procedure to be ineffectual or futile[.]" *Id.* (citations omitted). Contrary to Randall's assertion, the exhaustion requirement does apply to constitutional claims, including access to the courts. *See, e.g., Walker v. Michigan Dep't of Corrs.*, 128 F. App'x 441, 446 (6th Cir. 2005); *Green v. Tudor*, 685 F.Supp.2d 678, 692 (W.D. Mich. 2010).

Randall's other authority does not require a different conclusion. The Michigan case cited by Randall, *Dickerson v. Warden, Marquette Prison*, 298 N.W.2d 841 (Mich. Ct. App. 1980), is not binding. At best, *Dickerson* stands for the proposition that the Michigan Administrative Procedures Act does not require a state prisoner to exhaust a federal constitutional claim before bringing a § 1983 claim in state court. The holding in that case does not apply to the claims brought under the PLRA. And, as explained in *Napier*,

prisoners must attempt to exhaust their grievances even when the state cannot grant the relief requested. The statement in *Heck v. Humphrey*, 512 U.S. 477, 480 (1994), that exhaustion of state remedies is not a prerequisite to a § 1983 action, is no longer accurate. The PLRA, which imposed the exhaustion requirement, was enacted in 1996. In *Snider v. Melindez*, 199 F.3d 108 (2d Cir. 1999), the circuit court held that the district court, on its own and without a motion from the defendants, erred when it dismissed a claim for failing to exhaust administrative remedies. The circuit court explained that the district court failed to give the plaintiff notice and opportunity to be heard prior to the dismissal. *Id.* at 112-13. That is not the case here.

Objection 2. Randall asserts that all of the defendants should be defaulted because they failed to file an answer or affirmative defenses.

Randall's objection is OVERRULED. The default judgment rule, Rule 55 of the Federal Rules of Civil Procedure, applies when the defendant fails to plead *or otherwise defend.* The motion for summary judgment was filed on behalf of all of the defendants remaining in the case. By filing the motion, the defendants have defended against Randall's claims.

For these reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 16) as the opinion of the Court. Defendants' motion for summary judgment (ECF No. 10) is **GRANTED** and Plaintiff's claims are dismissed for failing to exhaust administrative remedies. **IT IS SO ORDERED.**

Date:  June 2, 2017                                 /s/ Paul L. Maloney
                                                                                                         Paul L. Maloney
                                                                                                         United States District Judge